# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD MINES, | |
|     Plaintiff, | NO. 3:09-CV-1102 |
|     v. | (JUDGE CAPUTO) |
| SUPERINTENDENT JOSEPH PIAZZA, et al., | |
|     Defendants. | |

**MEMORANDUM ORDER**

Plaintiff Donald Mines sought to file a complaint (Doc. 1) on June 10, 2009, against Defendants Superintendent Joseph Piazza, Major McAnnaney, Capt. Miller, Lt. Moyer, COI Hennings, COI Touchloskie, COI Long, Hearing Examiner L.S. Kerns-Barr, Chief Grievance Coordinator Cindy Watson, and Chief Hearing Examiner Timothy Mark. On the same day, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2) and a motion for appointment of counsel (Doc. 4). According to the complaint, Defendants are employees of the Pennsylvania State Correctional Institution at Coal Township. (Compl. Sec. III, Doc. 1.) Plaintiff is incarcerated at the institution.

    **I.**    **Application to Proceed *In Forma Pauperis***

The decision whether to grant or deny *in forma pauperis* (IFP) status rests within the sound discretion of the district court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985) (applying abuse of discretion standard to appeal). 28 U.S.C. § 1915 provides a two-step process for reviewing *in forma pauperis* petitions. The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and

determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review).

Plaintiff has completed the IFP application, and has properly provided certification of his prisoner account balance. According to the IFP application, he is employed at the institution and receives monthly compensation of forty dollars ($40.00) per month. According to his account records, he occasionally receives a personal gift ranging from fifty dollars ($50.00) to one hundred dollars ($100.00). Plaintiff's application is also marked such that he is willing to pay a partial filing fee and have sums deducted from his prison account when such funds exist until the filing fee has been paid. Assuming this to be an accurate depiction of Plaintiff's complete financial situation, he has made an adequate showing of poverty. *See Souder v. McGuire*, 516 F.2d 820, 824 (3d Cir. 1975) (prisoners need not "totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison" in order to litigate a case).

The Court has reviewed the complaint and determines that it is not frivolous or malicious and adequately states claims under 42 U.S.C. § 1983. Plaintiff does not seek relief from defendants who are absolutely immune from suit. Government officials, such as the defendant corrections employees, may be entitled to qualified immunity, *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982), but the burden is on the official claiming immunity to establish his entitlement, *Dennis v. Sparks*, 449 U.S. 24, 29 (1980). Thus, Plaintiff cannot

be said to seek relief from immune defendants at this stage. After reviewing the complaint, the Court concludes that Plaintiff qualifies for IFP status.

## II. Motion for Appointment of Counsel

Civil litigants have no constitutional or statutory right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). A district court, however, possesses broad discretion to appoint counsel for an indigent civil litigant. *See* 28 U.S.C. §1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993); *Parham*, 126 F.3d at 457. The Third Circuit Court of Appeals has set forth several factors to assist district courts in determining when appointment of counsel is appropriate. Preliminarily, the plaintiff's claims must have some merit in fact and law. *Tabron*, 6 F.3d at 155. If the claim has merit, then the district court should consider the following factors: 1) plaintiff's ability to present his or her own case, 2) the complexity of the legal issues, 3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue such investigation, 4) whether a case is likely to turn on credibility determinations, 5) whether the testimony of expert witnesses is required, and 6) whether plaintiff can attain and afford counsel on his own behalf. *Id*. at 155-58; *see also Parham*, 126 F.3d at 457.

Having conducted the requisite review of Plaintiff's complaint for purposes of his IFP application, the Court finds that his claims meet the threshold requirement of demonstrating "some merit" in fact and law, at least at this early pleading stage. The Court must thus consider the *Tabron* factors.

First, as a prisoner, Plaintiff's ability to present his own case is, of course, limited by

3

the restraints of his confinement. However, he acknowledges a certain amount of access to the institutional law library (Mot. for Appointment of Counsel ¶ 2, Doc. 4), his typed filings demonstrate access to a typewriter, and copy charges to his prisoner account demonstrate access to photocopying facilities (Doc. 2). This contrasts, for example, with the circumstances face by a prisoner in *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992), a case cited by the *Tabron* court in its discussion of the factors, 6 F.3d at 156. In *Rayes*, the appellate court reversed a district court's refusal to appoint counsel where a prisoner had no access to a typewriter, computer, telephone, photocopying machine, or the prison's law library. 969 F.2d at 703.

Plaintiff also argues that he is hampered by a limited knowledge of the law. However, a section of his complaint entitled "Legal Argument" reveals a relatively sophisticated understanding of the legal analysis behind several of his claims. This, again, contrasts with the *Rayes* plaintiff, who had "great difficultly articulating his claims *pro se.*" *Id*. The Court cannot say, at this stage, that Plaintiff demonstrates an inability to present his own case. The first factor, therefore, weighs against appointment of counsel.

Second, the legal issues raised in the complaint are fairly straightforward. Plaintiff raises a number of claims under 42 U.S.C. § 1983. He raises claims for cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution based on an alleged assault on him by staff members; for First Amendment retaliation for his filing a grievance based on the assault; and for denial of due process in violation of the Fourteenth Amendment based on the handling of his grievance and a related misconduct violation against him. The basic legal standards involved in these claims are relatively simple and settled. This factor weighs against appointment of counsel.

Third, Plaintiff's claims will likely require little factual investigation. His claims arise from an alleged assault on him by staff and its handling within the institutional system. Most of his evidence will likely derive from his own testimony and that of Defendants as well as other institutional personnel. As to discovery, it will likely require requests by Plaintiff for institutional files and a videotape of the assault that he alleges to be in Defendants' custody. There is no indication as yet that Plaintiff will be unable to obtain the items he needs through discovery requests. This again contrasts with the *Rayes* plaintiff, who demonstrated the frustration of his efforts to obtain prison files through discovery. 969 F.2d at 704. This factor weighs against appointment of counsel.

Fourth, Plaintiff's case may well turn on credibility determinations. Unless he obtains the videotape alleged to exist, Plaintiff's success on the claims arising from his assault will likely depend on conflicting testimony between himself and staff members involved. This factor weighs in favor of appointing counsel. *See Tabron*, 6 F.3d at 156 ("it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination") (quoting *Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir. 1981) (internal quotation marks omitted).

Fifth, it seems unlikely that Plaintiff's claims will require testimony of an expert witness. Most of Plaintiff's evidence will likely come from his own account of events and testimony from Defendants and others involved. This factor, therefore, has no bearing on whether counsel should be appointed.

Finally, as Plaintiff will be granted IFP status, it is clear he cannot afford counsel on his own behalf. This factor favors appointment of counsel.

Evaluating the factors together, the weight of circumstances falls against appointing

counsel. "As the Third Circuit Court of Appeals has emphasized, volunteer lawyer time is a scarce resource which should not be expended indiscriminately. The courts have an obligation to strive to ensure that this resource is allocated to the cases of the greatest merit and to those plaintiffs in greatest need of counsel." *Eng v. Scranton UC Serv. Ctr.*, No. 08-cv-1213, 2008 U.S. Dist. LEXIS 57765, at *7 (M.D. Pa. July 29, 2008) (citation and internal quotation marks omitted). As such the Court will not at this time exercise its discretion to appoint counsel for Plaintiff. This decision, however, does not limit his right to reapply for appointment of counsel at a later date should his circumstances change.

**NOW**, this __23rd__ day of June, 2009, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is **GRANTED**.

(2) Plaintiff's Motion for Appointment of Counsel (Doc. 4) in **DENIED** without prejudice to Plaintiff's right to reapply if his circumstances change.

(3) The Clerk of the Court shall prepare a summons for service by United States Marshals with the complaint on the Defendants named herein.

(4) The Defendants shall respond to the complaint within twenty (20) days of the date service is made pursuant to Fed. R. Civ. P. 12(a)(1).

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

6