# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD MINES,

    Plaintiff,

        v.

JOSEPH PIAZZA, et al.,

    Defendants.

No. 3:09-CV-1102

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiff's second Motion to Appoint Counsel, filed July 14, 2009. (Doc. 8.) The Court denied a previous motion by Plaintiff to appoint counsel in its Memorandum Order of June 23, 2009. (Doc. 7.) There, the Court considered the factors set forth by the U.S. Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993) to assist district courts in determining when appointment of counsel is appropriate.[1] The Court concluded that the factors did not warrant appointment of counsel in Plaintiff's case, but denied his request without prejudice to reapply at a later date should his circumstances change.

Plaintiff reapplied for appointment of counsel within several weeks. He does not allege changed circumstances, but asserts that another prisoner with superior knowledge

---

[1] The *Tabron* factors are as follows:(1) plaintiff's ability to present his or her own case, (2) the complexity of the legal issues, (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue such investigation, (4) whether a case is likely to turn on credibility determinations, (5) whether the testimony of expert witnesses is required, and (6) whether plaintiff can attain and afford counsel on his own behalf. 6 F.3d at 155-58.

of the law prepared his complaint and previous motions.[2]  He states in an affidavit that the prisoner assisting him will not continue to do so.  (Doc. 9.)  He therefore calls into question the Court's prior analysis of the first *Tabron* factor, namely Plaintiff's ability to present his own case.

In the June 23 Memorandum Order, the Court noted: "Plaintiff ... argues that he is hampered by a limited knowledge of the law.  However, a section of his complaint entitled 'Legal Argument' reveals a relatively sophisticated understanding of the legal analysis behind several of his claims." (Mem. Order 4, June 23, 2009, Doc. 7.)  Although Plaintiff asserts he no longer has the assistance of the person to whom this understanding of the law should be attributed, he nonetheless has the benefit of a cogent complaint from which to proceed.  Beyond this, Plaintiff's limited knowledge of the law presents the same problem faced by the majority of *pro se* prisoner plaintiffs.  At this time, the Court has no indication that Plaintiff faces a particularized inability to present his own case.

When volunteer lawyer time is such a scarce resource, district courts must strive to ensure it is allocated to the cases of the greatest merit and to those plaintiffs in greatest need of assistance of counsel.  *See Tabron*, 6 F.3d at 157.  The Court cannot say that Plaintiff's limited knowledge of the law places him in the category of those *pro se* plaintiffs in greatest need.

---

[2]   Plaintiff gives several other reasons for appointment of counsel in an affidavit submitted in support of his motion.  (Doc. 9.)  His reasons, however, do not allege changed circumstances so much as register disagreement with the Court's analysis of the *Tabron* factors in its June 23 Memorandum.  The Court therefore relies on its previous ruling as to these reasons.

2

**NOW** this  22nd  day of July, 2009, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 8) is **DENIED** without prejudice to Plaintiff's right to reapply if his circumstances change.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge
